JUDICIAL RETIREMENT SYSTEM A judicial officer who retired pursuant to the Uniform Retirement System for Judges and Justices and who resumes a judicial office subject to the act is required to contribute a portion of his salary to the retirement system, and upon leaving such office the retirement compensation of such judicial officer should be computed based upon his last monthly salary as an active judge. The Attorney General has considered your request for an opinion wherein you ask the following questions relating to the application of 20 O.S. 1102 [20-1102] (1971), to a retired judicial officer who is subsequently appointed to fill an active judgeship: "1. Can such "reactivated" retired judicial officer be required to contribute toward the judicial retirement system while he is holding an active Judgeship? "2. When such"reactivated" judicial officer leaves his office, is he entitled to reinstatement of his prior benefits or to higher benefits based on the salary drawn by him while an active judge?" As to your first question, the provisions of 20 O.S. 1103 [20-1103] (1971) require contributions as follows: " . . . each justice or judge who is a member of the Uniform Retirement System for Justices and Judges shall have four percent of the first seventy-five percent of his monthly salary withheld by the State of Oklahoma. . ." (Emphasis added) The term "member" is not defined in the Act; however, the provisions of 20 O.S. 1102 [20-1102] (1971) specify the judicial officers eligible for retirement benefits: "Any justice of judge of the Supreme Court, Court of Criminal Appeals, State Industrial Court, Intermediate Appellate Court or District Court who serves as justice or judge of any of said courts in the State of Oklahoma for a period of eight (8) years or longer and upon reaching or passing the age of seventy (70) years, or who serves for a period of ten (10) years or longer and upon reaching or passing the age of sixty-five (65) years, or who serves for a period of twenty (20) years or longer and upon reaching or passing the age of sixty (60) years, shall receive the retirement benefits herein provided. . . ." Under Section 20 O.S. 1104 [20-1104], relating to retirement compensation, reference is made to a retired justice or judge being a "member" of the system: "Each retired justice or judge who is a member of The Uniform Retirement System for Justices and Judges shall be entitled to receive as retirement compensation, . . ." (Emphasis added) It would appear from a reading of the entire Act (20 O.S. 1101 [20-1101] — 20 O.S. 1108 [20-1108] (1971)) that membership in the Uniform Retirement System for Justices and Judges is mandatory unless a justice or judge comes within the narrow exceptions contained in Section 1102. We will assume for purposes of both questions one and two that the "reactivated" judicial officer was initially retired under the provisions of Sections 1101 — 1108 and that he was reactivated to a judicial position after January 13, 1969. Your first question is therefore answered in the affirmative. Upon being reactivated, a formerly retired judicial officer must again contribute to the retirement system. Your second question calls our attention to the provision of Section 1102 which reads as follows: ". . . Provided, however, if any retired justice or judge should be elected or appointed to any political or judicial office, his retirement compensation shall be suspended during the period of time that he holds such office and be reinstated upon his leaving such office." Section 20 O.S. 1104 [20-1104] quoted above, provides a formula for computing retirement compensation which includes as a factor the "monthly salary he was receiving when he last served as a justice or judge." Under this provision, when a retired judicial officer reassumes a judicial office and thereafter leaves his office, it would seem that his retirement compensation should be recomputed based on his salary when he "last served as a justice or judge," notwithstanding the fact that he had attained a retired status prior to such service. Taken alone, the proviso of Section 1102 could be read as limiting such reactivated judicial officer to the retirement compensation based on his original retirement since the proviso refers to suspension and reinstatement of retirement compensation. However, construing the act as a whole, it is apparent that the act recognizes that a retired judicial officer is entitled to be elected or appointed again to a judicial office, that such officer is required to resume contributions, and that his subsequent retirement compensation is to be based on salary he received when he "last served." It is, therefore, the opinion of the Attorney General that your questions be answered as follows': A judicial officer who retired pursuant to the Uniform Retirement System for Judges and Justices and who resumes a judicial office subject to the act is required to contribute a portion of his salary to the retirement system, and upon leaving such office the retirement compensation of such judicial officer should be computed based upon his last monthly salary as an active judge. (James H. Gray) ** SEE: OPINION NO. 75-269 (1975) ** ** SEE: OPINION NO. 76-199 (1976) **